UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PETER BORGHESE,

        Plaintiff,

v.                                          Case No. 3:22-cv-31-BJD-PDB

JANET YELLEN,[1] SECRETARY,
UNITED STATES DEPARTMENT
OF TREASURY,

        Defendant.
_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff, Peter Borghese, a former state inmate, initiated this action by filing a pro se Petition for Writ of Mandamus under 28 U.S.C. § 1361. See Doc. 1. He also seeks to proceed in forma pauperis. Doc. 5. He names one Defendant – Janet Yellen, in her official capacity as Secretary of the United States Department of Treasury. Plaintiff seeks to compel Defendant to immediately provide him with his Economic Income Payments (EIPs) under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (the CARES Act).

---

[1] Plaintiff names Steven Mnuchin, the former Secretary of the United States Department of Treasury, as the sole Defendant. But because Plaintiff sues the Secretary in her official capacity, Janet Yellen is automatically substituted as the named Defendant. See Fed. R. Civ. P. 25(d). The **Clerk** shall update the docket to reflect the correct Defendant.

On December 30, 2021, Plaintiff completed a twenty-year term of incarceration and was released from the Florida Department of Corrections' custody. See Florida Department of Corrections, Corrections Offender Network, available at www.dc.state.fl.us (last visited Mar. 18, 2022). On January 10, 2022, he filed this action contending he tried to collect his EIPs during his incarceration, but Defendant failed to disburse the funds. Doc. 1. According to Plaintiff, he timely "submitted his year 2020-1040 Form in March or May 2021." Id. He maintains that "months later[,] the IRS and Treasury sent [him] a notice explaining" it needed "further verification of [Plaintiff's] identity before the stimulus payments [] are mailed out to [Plaintiff] . . . ." Id. Plaintiff asserts that in response to the request, he "provided [to the IRS] a computerized face sheet (photograph) of [himself] along with his birthday, eye color, hair color, height, weight, [and] social security number[], approximately four (4) to six (6) months ago. . . ." Id. Plaintiff states he did not receive his EIPs despite his eligibility. Id.

In support of his request to compel payments, Plaintiff references Scholl v. Mnuchin, 494 F. Supp. 3d 661 (N.D. Cal. 2020). Doc. 1 at 2. There, the district court certified a class consisting of citizens and lawful permanent residents who are or were incarcerated on or after March 27, 2020, and entered a permanent injunction enjoining the Secretary of the U.S. Department of Treasury, among others, from withholding benefits under the CARES Act from

any class member on the sole basis of his/her incarcerated status. See Scholl, 494 F. Supp. 3d at 693. The district court, however, clarified that it took "no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments" available under the CARES Act. Id. at 691. Instead, the district court explained "[i]t is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an 'eligible individual' and meets the various criteria delineated in the Act." Id. at 691.

In other words, although Plaintiff, who was incarcerated on March 27, 2020, could not be denied EIPs solely based on his incarceration status, that factor alone does not decide whether he is eligible for EIPs. And to the extent that Plaintiff asks the Court to compel Defendant to disburse his EIPs under Scholl or the CARES Act, Plaintiff is not entitled to that relief. Rather, "it is the responsibility of the IRS, not the court, to make determinations on whether an individual is eligible and 'meets the various criteria delineated in the [CARES] Act.'" Terry v. Yellen, No. 3:21-cv-33, 2022 WL 704194, at *3 (S.D. Ohio Mar. 9, 2022) (quoting Scholl, 494 F. Supp. 3d at 691); see also Walters v. Mnunchin, No. 3:21-CV-275-JD-MGG, 2021 WL 2105387, at *3 (N.D. Ind. May 25, 2021) (dismissing the plaintiff's request to compel EIPs under Scholl or the CARES Act because such determinations are the responsibility of the IRS, not the court); Harden v. Yellen, No. 21-CV-0362-BHL, 2021 WL 1515478, at *2

3

(E.D. Wis. Apr. 16, 2021) (citing <u>Scholl</u> and noting that the plaintiff could not ask the court "to order the IRS to send him the stimulus payments" because the IRS must make those individual determinations). As such, this action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Plaintiff's request for a writ of mandamus (Doc. 1) is **DENIED**, and this case is **DISMISSED without prejudice**.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of March, 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

C:   Peter Borghese